# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) | 2:06-cv-00830-BES (LRL) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| ESTATE OF ANTHONY ARACHIKAVITZ; JOHANN ARACHIKAVITZ INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ANTHONY ARACHIKAVITZ; STANLEY ARACHIKAVITZ INDIVIDUALLY; THE ARACHIKAVITZ QUALIFIED SETTLEMENT FUND; MATTHEW GARRETSON, ESQ. AS ADMINISTRATOR FOR THE QUALIFIED SETTLEMENT FUND; THE ANTHONY ARACHIKAVITZ SPECIAL NEEDS TRUST; PREMIER TRUST, INC. AS THE TRUSTEE FOR THE ANTHONY ARACHIKAVITZ SPECIAL NEEDS TRUST; | ) | |
| Defendants. | ) | |
| ALL RELATED COUNTERCLAIMS, CROSS-CLAIMS, AND THIRD-PARTY CLAIMS | ) | |

Currently before this Court is Premier Trust's Motion to Deposit Funds (#28) and Mutual of Omaha's Motion for Partial Summary Judgment (#97).

## I. BACKGROUND

In December of 2001, Anthony Arachikavitz ("Anthony") sustained injuries while a patient at a hospital in Ohio. As of result of those injuries, Anthony remained under medical care at various facilities until his death on June 5, 2006.

1

Anthony was covered under the terms of the Mitsubishi Motor Sales of America Inc. Group Health and Welfare Plan (the "Plan").  The Plan falls within the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Mutual of Omaha ("Mutual") is the fiduciary of the Plan.  As the fiduciary, Mutual had discretion and responsibility regarding the reimbursement rights and obligations of the Plan.  Mutual made payments to various third parties for the medical care of Anthony.

Anthony sought recovery from third parties who caused his injuries.  The money recovered was allocated and distributed to various parties and the remainder was placed in the Settlement Fund and the Special Needs Trust.  The Settlement Fund currently has $976,836.86 preserved from the settlement funds recovered as a result of Anthony's injuries.  The Special Needs Trust has $55,000.

After Anthony's death, Mutual filed a complaint against Anthony's Estate, the Administrator of the Estate, the Special Needs Trust, the Arachikavitz Qualified Fund (the "Settlement Fund"), the Administrator of the Settlement Fund Matthew Garretson, the Special Needs Trust and Premier Trust, the Trustee of the Special Needs Trust.  In the Complaint, Mutual asserted that it should be reimbursed for paid medical benefits from the monetary settlement proceeds received by Anthony.   The Estate, the Administrator of the Estate and Premier Trust  filed counterclaims against Mutual for declaratory relief, seeking a determination as to which of the claimants were entitled to relief and in what amount.  Mutual then filed an Amended Complaint, adding Anthony's parents, Johann Arachikavitz and Stanley Arachikavitz (the "Arachikavitzes") to include all persons or entities that may have obtained proceeds from the settlement funds. The Arachikavitzes filed a Counterclaim against Mutual for abuse of process.  Mutual then filed a Motion to Dismiss the Arachikavitzes Counterclaim.[1]

///
///
///

---

[1] The Motion to Dismiss was withdrawn after the Arachikavitzes agreed to dismiss the Counterclaim without prejudice.

2

## II. ANALYSIS

**A.    The Motion for Partial Summary Judgment.**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. Northwest Motorcycle Ass'n v. U.S. Department of Agriculture, 18 F.3d 1468, 1471 (9th Cir.1994). The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. Fed.R.Civ.P. 50(a).

Mutual brought a summary judgment motion against the Special Needs Trust and the Settlement Fund on the grounds that Mutual is entitled to seek reimbursement through equitable relief under ERISA and that Mutual's right to seek reimbursement has priority over all other claims. Valley Hospital was the only party to oppose Mutual's Motion for Summary Judgment, arguing that the term "other equitable relief" under ERISA does not provide a cause of action for money damages.

ERISA authorizes a civil action "by a ... fiduciary .....(B) to obtain other appropriate equitable relief . . . (ii) to enforce any provisions of ... the terms of the plan." 29 U.S.C. § 1132(a)(3). [§ 502(a)(3) ]. The United States Supreme Court recently held that an ERISA plan, acting under § 502(a)(3), could recover amounts paid for medical expenses where a constructive trust was sought over a specifically identifiable fund. Sereboff v. Mid Atlantic Medical Services, Inc., --- U.S. ----, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006); see also, Providence Health System-Washington v. Bush, 461 F.Supp.2d 1226, 1231-1232 (W.D.Wash. 2006). In Sereboff, the funds were in the possession of the beneficiary and the source of the

funds was a third party tortfeasor. Id. The Supreme Court held that it was appropriate for the Plan to seek equitable relief under ERISA. Id.

Valley Hospital claims that Mutual should not have a right of reimbursement because unlike the situation in Sereboff, the beneficiaries in this case were not in possession of the funds. However, in two recent district court cases that relied on Sereboff for guidance, the holder of the funds was not a beneficiary. In Providence Health System-Washington v. Bush, 461 F.Supp.2d 1226 (W.D.Wash. 2006), the person possessing the traceable funds was the trustee of the special needs trust and in Administrative Committee of Wal-Mart Stores, Inc v. Salazar, 2007 WL 2409513 (D.Ariz. Aug. 20, 2007), the person in possession of the funds was an attorney who held the funds in a trust account. Furthermore, all that Sereboff requires is that the Plan identify a fund, distinct from the plan beneficiary's general assets, from which reimbursement will be taken and specify a particular share to which the Plan is entitled. Salazar, 207 WL 9409513, *7.

In the instant case, Mutual is seeking funds that had been held for the benefit of Anthony in the Special Needs Trust and the Settlement Fund Trust. These funds were recovered from the third party tortfeasors in a settlement. These funds are not the general assets of Anthony but are specifically identifiable as related to the matter for which Mutual paid medical benefits. Furthermore, the terms of the Plan allow for Mutual to seek reimbursement. The terms of the Plan specifically state that Mutual is entitled to reimbursement if it pays benefits because of an injury or sickness caused by a third party's act or omission and the insured or his legal representative recovers an amount from a third party, which can be the result of a lawsuit, settlement or some other act. Hence, Mutual can maintain its equitable relief action to seek reimbursement from the Special Needs Trust and the Settlement Trust.

Having determined that Mutual has a right to seek reimbursement, the next determination is whether Mutual's right to reimbursement has priority over the other claimants to the funds.

///

///

Mutual argues that its right to reimbursement has priority over the other claimants pursuant to the terms of the Plan. Valley Hospital claims that it is not a party to the Plan so the Plan's terms do not control Valley Hospital's right to enforce its claim.

The Plan specifically states that Mutual is entitled to be reimbursed if it pays policy benefits because of an injury or sickness caused by a third party's act or omission. The Plan also states that Mutual is entitled to be paid first out of any recovery, up to the amount of the policy benefits Mutual pays. The Plan disavows the "make whole" rule, stating that Mutual's rights will not be reduced because the recovery does not fully compensate the insured or his dependents for all losses sustained or alleged.[2]

Although the Ninth Circuit has not specifically ruled on this issue, other circuits have held that where the Plan clearly states that it has first priority with respect to its right to reimbursement, the insurer is entitled to recover all amounts that the Plan has paid on the insured's behalf to the extent that the insured recovered money from a third party. Moore v. CapitalCare, Inc., 461 F.3d 1, 10 (D.C. Cir. 2006); Administrative Committee of Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco, 338 F.3d 680, 687 (7th Cir. 2003); Harris v. Harvard Pilgrim Health Care, Inc., 208 F.3d 274, 277(1st Cir. 2000) . The Court finds that the priority terms of the Plan are controlling and that Mutual is allowed to be reimbursed before the other claimants.

Valley Hospital claims that it was not a party to the contract between Anthony and Mutual and therefore, its claims must be on equal footing with Mutual's claims. However, this argument has been rejected by other courts. See, Givens v. Wal-Mart Stores, Inc. and Associates' Health and Welfare Plan, 327 F.Supp.2d 1063, 1066 (D.Neb.,2004). In Givens, the court held that the plan is entitled to full reimbursement from the settlement proceeds and any other lien holders have no right superior to the plan. Furthermore, to the extent that Valley

---

[2]The "make whole" rule is a general equitable principle of insurance law that, absent an agreement to the contrary, an insurance company may not enforce a right to subrogation until the insured has been fully compensated for his injuries, that is, has been made whole. Barnes v. Independent Auto. Dealers Ass'n of California Health and Welfare Benefit Plan, 64 F.3d 1389, 1394 (9th Cir. 1995) citing Fields v. Farmers Ins. Co., 18 F.3d 831, 835 (10th Cir.1994).

Hospital is relying on Nevada's lien statutes to receive payments, these statutes do not establish priority over Mutual.³ These lien statutes would direct payment of funds according to state law, rather than by the priority laid out in the Plan. Such a statutory scheme has an "impermissible connection" with the ERISA plan and therefore, the statute is invalidated by ERISA's preemption section, 29 U.S.C. § 1144(a) [§ 514(a)]. See also, Egelhoff v. Egelhoff, 532 U.S. 141, 147, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001).

The Court therefore finds that Mutual is entitled to reimbursement from the Special Needs Trust and the Settlement Fund and grants Mutual's Motion for Partial Summary Judgment.

## B.     *Motion to Deposit Funds.*

Premier filed a Motion to Deposit the funds held in the Special Needs Trust and also requested payment for fees and costs incurred in litigating this federal action as well as the state court action. None of the parties object to the money being deposited with the Court. The only dispute involving the Motion to Deposit Funds centers around Premier's request for attorneys' fees and costs in the amount of $21,580.92, to which Premier claims it is entitled. Valley Hospital and Mutual both object to the amount of fees requested as being excessively high for the type of action involved and also because it depletes the Special Needs Trust of almost half of its funds.

Pursuant to Rule 67 of the Federal Rules of Civil Procedure, a party, with the court's permission, may deposit with the court, all or any part of a sum of money. Fed.R.Civ.P. 67. Once funds are deposited, the court should determine ownership and make disbursements. Gulf States Utils. Co. v. Alabama Power Co., 824 F.2d 1465, 1474 (5th Cir.1987).

The Court finds that Premier, pursuant to its Motion, shall deposit the funds from the Special Needs Trust in the amount of $55,000.00 with the Court. However, the requested fees in this case shall be reduced. Under the priority arguments advanced above, Mutual is entitled

---

³NRS 108.590 states that when any person receives hospitalization on account of any injury, and he claims damages from the person responsible for causing the injury, the hospital has a lien upon any sum awarded the injured person by judgment or obtained by a settlement or compromise to the extent of the amount due the hospital for the reasonable value of the hospitalization.

6

to be paid first before any attorneys' fees are awarded. The Plan specifically states that Mutual's right to reimbursement will not be reduced by legal fees or court costs incurred in seeking recovery. Absent some provision in the Plan entitling Premier to fees, Mutual's recovery is paramount and it must recover before all others. Kress v. Food Employers Labor Relations Ass'n, 391 F.3d 563, 569 (4th Cir. 2004); see also Harris v. Harvard Pilgrim Health Care, Inc, 208 F.3d 274, 277 (1st Cir. 2000) (listing cases agreeing with the "majority view [ ] that an ERISA plan need not contribute to attorney fees where its plain language gives it an unqualified right to reimbursement").

Here, the total amount of funds from the two trusts totals $1,031,836.86. After deducting the $999,917.71 requested by Mutual, this leaves only $31,919.15. The fees requested by Premier are well over half of the remaining funds. The issue then becomes whether Premier is entitled to the full amount of fees requested, to be paid out of these remaining funds.

Under ERISA, the court in its discretion, may allow an award of reasonable attorneys' fees and costs of the action to "either party." Irwin v. Principal Life Ins. Co., 404 F.Supp.2d 1271, 1278 (D.Kan. 2005). The decision to award attorneys' fees and costs to a stakeholder in an interpleader action is left to the court's sound discretion." Id. Where the stakeholder is disinterested, meaning it does not claim any right to the fund, concedes its liability in full, deposits the fund in court, seeks discharge, and does not appear to the court to be culpable, it is appropriate and equitable to allow fees and costs from the fund. Id.

Generally, attorneys' fee awards to the disinterested interpleader plaintiff are typically modest. See, e.g., Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194-95 (9th Cir. 1962) (remanding for reduction of fee award of $5,000 from $48,000 interpleaded fund); Prudential Ins. Co. v. Boyd, 781 F.2d 1494 (11th Cir.1986) (awarding attorneys' fees of $1,300 from $63,000 fund). Furthermore, "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 476 (9th Cir. 2000).

Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing its release from liability, not in litigating the merits of the adverse claimants' positions. Trustees of Directors Guild, 234 F.3d at 426. Compensable expenses include preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the stakeholder from liability and dismissing it from the action. Id 234 F.3d at 427, citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1719 & n. 20 (1986).

Here, Premier claims that its fees are reasonable because it had to incur fees for opposing Mutual's motion for summary judgment, appearing at the hearing and preparing the motion to deposit funds. Premier did not oppose the Motion for Partial Summary Judgment, other than to re-file its Motion to Deposit Funds as its Opposition to the Motion for Partial Summary Judgment. Furthermore, Premier admits that some of the fees were incurred in the state court action, filed close in time with the federal action. Premier claims that these collective fees were incurred as a result of Premier having to defend these two separate actions. However, as stated above, fees in an interpleader action should be limited to those fees that are incurred in filing the action and pursuing Premier's release from liability, not in litigating the merits of the adverse claimants' positions. Trustees of Directors Guild, 234 F.3d at 426. Furthermore, to award the total amount requested by Premier would deplete the fund at the expense of the parties who ultimately are determined to be entitled to the funds. See Trustees of Directors Guild, 234 F.3d at 427.

The Court finds that the amount of fees requested by Premier are excessive in light of the case law dictating that the fees be modest and not deplete the interpleaded funds. Furthermore, Premier admitted that the amount requested included fees for an entirely different action held in state court. The Court finds that $5,000.00 is a reasonable and appropriate award for the time expended by Premier in bringing the interpleader action.

///

///

**III. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Mutual's Motion for Partial Summary Judgment (#97) is GRANTED.

IT IS FURTHER ORDERED that Premier Trust's Motion to Deposit Funds (#28) is GRANTED in part and DENIED in part. The funds held by Premier in the amount of $55,000.00 are to be deposited with the Court and Premier Trust is awarded $5,000.00 as reasonable attorneys' fees and costs in litigating this interpleader action in federal court. The award of fees will be paid from the $55,000,00 held with the Court.

IT IS FURTHER ORDERED that Premier Trust is hereby discharged from this matter.

DATED: This 20th day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE